## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　　)　　　　Case No. 4:20-cv-1895-JMB
　　　　　　　　　　　　　　　　　　　　　　)
ERDCC and MODOC,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before me upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, I will allow Engel to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Engel signed and dated the complaint on November 7, 2020, and it was docketed in this Court on December 11, 2020. At the time he filed the complaint, Engel neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the body of the complaint, he writes: "Application to Proceed in District Court without Prepaying Fees or Costs," and avers he earns only $5.00 per month. Having liberally construed the complaint, I conclude Engel is requesting leave to proceed *in forma pauperis* because he lacks sufficient means to pay the civil filing fee. I will grant him leave to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In this case, Engel avers the Missouri Department of Corrections ("MDOC") will not provide him with a certified copy of his inmate account statement. Accordingly, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard**

According to 28 U.S.C. § 1915(e)(2)(B), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987),

*aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

I must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," I should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at

3

914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Engel filed the complaint pursuant to 42 U.S.C. § 1983 against the MDOC and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Engel indicates he is a civilly-committed detainee, but review of publicly-available MDOC records shows he is actually a convicted and sentenced state prisoner. In setting forth his statement of claim, he writes: "This is in regards to my Religion I'm Astru/Odinism/Catholicism MODOC, ERDCC refuse to give me my religious diet I'm a Sourvin Citizn [*sic*]." Engel identifies his injuries as "my religion, mental [anguish], phycial mind raping sourvin citizn [*sic*]." As relief, he seeks 5 trillion dollars from the ERDCC, and 10 trillion dollars from the MDOC.

The complaint is one of more than one hundred and thirty (130) similar prisoner civil rights complaints Engel has filed in this Court since September 2020, alleging that his civil rights have been violated by these defendants and others. The nature of those complaints is roughly the same as the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, Engel is subject to 28 U.S.C. § 1915(g).

### Discussion

Having carefully reviewed and liberally construed the complaint, I have determined that it must be dismissed. While Engel seeks 15 trillion dollars in relief because he believes he was wrongfully denied accommodations related to his religious needs, he has not pleaded "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Instead, he has offered only the "[t]hreadbare recital" of an element of a cause of action, supported by his own conclusory statements, which I am not required to presume true. *Iqbal*, 556 U.S. at 678. I will not assume facts that Engel has not alleged. *See Stone*, 364 F.3d at 914-15.

Additionally, Engel brings this lawsuit pursuant to 42 U.S.C. § 1983 against the MDOC and against the ERDCC, a MDOC facility. Such a suit is effectively a suit against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, the State of Missouri and its agencies and instrumentalities are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Because Engel is missing an essential element of a § 1983 action, his claims against the MDOC and the ERDCC must be dismissed.

Additionally, the MDOC and the ERDCC are protected by the doctrine of sovereign immunity. "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

5

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception exists "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second exception exists where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. Neither exception applies in the instant case. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because Engel does not aver, nor is it apparent, that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Accordingly, Engel's claims against the MDOC and the ERCC must be dismissed.

For the foregoing reasons, this action is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. It also appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions Engel has recently filed in this Court against these defendants and against State officials. Engel submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It is therefore apparent that he initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See Tyler*, 839 F.2d 1290 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious

6

lawsuits, and also when it contains disrespectful or abusive language); *Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Having considered the instant complaint and Engel's history of engaging in abusive litigation practices, I conclude that it would be futile to direct him to file an amended complaint in this action. I will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Engel may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2021.

7